*NOT FOR PUBLICATION*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JANESSA SMITH, | : | Civ. Action No. 10-2563 (FLW) |
| Plaintiff, | : | |
| | : | **OPINION** |
| v. | : | |
| | : | |
| TA OPERATING LLC, | : | |
| Defendant. | : | |

**WOLFSON, United States District Judge**:

In the instant matter, Defendant TA Operating, LLC ("Defendant" or "TA Operating") moves to dismiss Plaintiff Janessa Smith's ("Plaintiff" or "Smith") one-count Complaint brought under the New Jersey Conscientious Employee Protection Act. In her Complaint, Plaintiff alleges that she was terminated from her employment by Defendant because she reported certain "illegal" acts committed by her co-workers. Having reviewed the Complaint, for the reasons set forth below, the Court dismisses Plaintiff's Complaint without prejudice; Plaintiff may amend the Complaint consistent with this Opinion.

I.   BACKGROUND FACTS

Smith is a former employee of TA Operating. TA Operating engages in the business of providing services to truckers such as fuel, repairs and food. Compl. at ¶ 2. In or about November 2008, Smith was hired by Defendant as a truck service advisor. Id. at ¶ 4. At the time of the alleged incidents in the Complaint, Mark Falk ("Falk") was Smith's supervisor. Id. at ¶ 6.

Defendant maintains an Employee Handbook that contains certain rules, policies and procedures applicable to employees working at its Columbia, New Jersey facility. Id. at ¶ 9. Among such policies is a rule prohibiting employees from being on company premises when they are not on duty. Id. at ¶ 10; see also Cert. of Evan J. Shenkman, Ex. B. On or about August 20, 2009, while in the course of her night shift, Plaintiff observed two of Defendant's employees, a mechanic and a truck service advisor, on Defendant's premises. Compl. at ¶ 11. Plaintiff alleges that the truck service advisor was off-duty at the time he was on Defendant's premises. Id. at ¶ 12. Plaintiff also avers that the truck service advisor brought his personal vehicle to the premises for the purpose of filling the vehicle with gas and/or having certain repair work performed on the vehicle, and further, that one or both services were performed on the vehicle by the mechanic. Id. at ¶¶ 14-15. Plaintiff asserts that she "reasonably believed" that the off-duty truck service advisor's presence on Defendant's premises and the subsequent servicing of his vehicle violated Defendant's rules, policies and/or procedures. Id. at ¶¶ 30-31. Plaintiff reported the alleged incident to a manager, Bart Moon. Id. at ¶ 16. Plaintiff also reported the alleged incident to her supervisor, Falk, by telephone on or about August 25, 2009. Id. at ¶ 17.

On the morning of August 27, 2008, the mechanic that serviced the off-duty truck advisor's vehicle allegedly confronted Plaintiff after he learned she had reported the incident. Id. at ¶ 18. At that confrontation, the mechanic allegedly became angry with Plaintiff, repeatedly called her a "rat", and threw his tools in her direction. Id. at ¶ 19. Thereafter, on the same day, Plaintiff reported the mechanic's actions to the New Jersey State Police, as well as to Falk. Id. at ¶¶ 20, 26. Later that day, Falk allegedly called Smith and left a message accepting her resignation. Id. at ¶27. Plaintiff asserts that at no time did she resign her position. Id. at ¶ 28.

In her Complaint, Plaintiff claims that the termination of her employment by Defendant violated the New Jersey Conscientious Employee Protection Act (hereinafter "CEPA") because it was in retaliation to her report of the above-described conduct of the off-duty truck service advisor and mechanic which Plaintiff reasonably believed was in violation of Defendant's Employee Handbook and constituted unlawful trespass and/or theft of services.  Id. at ¶ 13, 31, 33-34.  However, Smith did not allege the confrontation with the mechanic – wherein the mechanic called Plaintiff a "rat", and threw his tools in her direction – as a basis for her CEPA claim.  In the instant matter, Defendant moves to dismiss Plaintiff's Complaint.

## II.     STANDARD OF REVIEW

When reviewing a motion to dismiss on the pleadings, courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir.2008) (citation and quotations omitted).  In Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Supreme Court clarified the 12(b)(6) standard.  Specifically, the Court "retired" the language contained in Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Id. at 1968 (quoting Conley, 355 U.S. at 45-46).  Instead, the factual allegations set forth in a complaint "must be enough to raise a right to relief above the speculative level."  Id. at 1965.  As the Third Circuit has stated, "[t]he Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating … a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element.  This 'does

not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234 (quoting Twombly, 127 S.Ct. at 1965).

In affirming that Twombly standards apply to all motions to dismiss, the Supreme Court recently explained the principles. First, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1948-49 (2009). Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. Therefore, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 1949. Moreover, in deciding a motion to dismiss, the Court may consider the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of Plaintiffs' claim. Lum v. Bank of Am., 361 F.3d 217, 222 n. 3 (3d Cir. 2004).

### III.  DISCUSSION

In the present motion, TA Operating disputes Smith's assertion that she reported illegal activity to management. Nevertheless, TA Operating contends that violations of Defendant's Employee Handbook, as a matter of law, are insufficient to support a CEPA claim. See Def. Br. at p. 7. Alternatively, TA Operating asserts that Smith did not reasonably believe a violation of law occurred – namely "trespass" and/or "theft of services." Id. at pp. 8-9. In response, Plaintiff refutes the Defendant's assertions that the Complaint is based solely on legally insufficient reports of violations of internal company policies. See Pl. Op. Br. at p. 3. Plaintiff argues that it was "reasonable for [her] to believe that her employer established a rule to prevent exactly what [P]laintiff believed occurred, an off-duty bringing his personal vehicle to the employer's

4

premises for free fuel or repairs." Id. at p. 4.  Further, Plaintiff asserts that the conduct of the mechanic and the off-duty truck service advisor was "minimally unethical…and possibly criminal [insofar as it constituted] the theft of services." Id.  According to Plaintiff, it was her "reasonable observation" that the two employees were working together to provide free fuel or vehicle repairs and if she were correct, such conduct would constitute a theft of services in violation of the law.  Id. at p. 8.

The New Jersey legislature enacted CEPA in order to "protect and encourage employees to report illegal or unethical workplace activities and to discourage public and private sector employers from engaging in such conduct." Dzwonar v. McDevitt, 177 N.J. 451, 461 (2003) (citing Abbamott v. Piscataway Township Bd. of Educ., 138 N.J. 405, 431 (1994)).  In relevant part, CEPA provides:

> An employer shall not take any retaliatory action against an employee because the employee does any of the following:
>
> a. Discloses, or threatens to disclose to a supervisor or to a public body an activity, policy or practice of the employer or another employer…that the employee reasonably believes:
>
> 1) is in violation of a law, or a rule or regulation promulgated pursuant to law…; or
>
> 2) is fraudulent or criminal…;
>
> …
>
> b. Provides information to, or testifies before, any public body conducting an investigation, hearing or inquiry into any violation of law or a rule or regulation promulgated pursuant to law by the employer…;
>
> …
>
> c. Objects to, or refuses to participate in any activity, policy or practice which the employee reasonably believes:
>
> 1) is in violation of a law, or a rule or a regulation promulgated pursuant to law…;
>
> 2) is fraudulent or criminal; or

> 3) is incompatible with a clear mandate of public policy concerning the public health, safety or welfare or protection of the environment.

N.J.S.A. 34:19-3c.

To establish a prima facie case under CEPA, a plaintiff must demonstrate that: 1) she objected to, or refused to participate in an activity, policy or practice which she reasonably believed violated either a law, rule, regulation, was fraudulent or criminal or violated a public policy; 2) she performed a "whistle blowing" activity as described in N.J.S.A. 34:19-3c; 3) an adverse employment action was taken against her; and 4) a causal connection existed between her whistle-blowing activity and the adverse employment action. Dzwonar, 177 N.J. at 462; see also Wheeler v. Twp. of Edison, 326 Fed. Appx. 118, 123 (3d Cir. 2009).

A CEPA plaintiff need not demonstrate "that his or her employer or another employee actually violated the law or a clear mandate of public policy" but instead that she "'reasonably believe[d]' that to be the case." Id. (quoting Estate of Roach v. TRW, Inc., 164 N.J. 598, 613 (2000)). In other words, the CEPA plaintiff must "set forth facts that would support an objectively reasonable belief that a violation has occurred." Id. at 464. Plaintiff may meet this burden by demonstrating that "there is a substantial nexus between the complained-of conduct" – the off-duty truck service advisor's presence on the Defendant's property and subsequent use of Defendant's services – and "[the] law or public policy identified by . . . plaintiff" – in this case "trespass" and/or "theft of services". Maimone v. City of Atlantic City, 188 N.J. 221, 233 (2006) (quoting Dzwonar, 164 N.J. at 464). In that connection, the New Jersey Supreme Court instructs that "the trial court must make a threshold determination that there is a substantial nexus between the complained-of conduct and a law or public policy identified by the court or the plaintiff . . . [and] if so, whether that belief was objectively reasonable." Dzwonar, 177 N.J. at 464.

6

Since Plaintiff does not specify which subsection under CEPA she alleges her protected activity falls within, each will be addressed in turn.

### A.    CEPA SUBSECTIONS (a) AND (b)

In Higgins v. Pasack Valley Hospital, 158 N.J. 404, 419 (1999), the New Jersey Supreme Court found that employees who object to or report the misconduct of a co-worker do not come within the purview of subsections (a) and (b) which limit CEPA's application to policies, practices and activities "of" or "by" the employer. Since Plaintiff only alleges misconduct by her co-workers - not her employer - subsections (a) and (b) are not applicable.

### B.    CEPA SUBSECTIONS (c)

Given the inapplicability of subsections (a) and (b), Plaintiff's claim must rest under subsection (c) of the CEPA statute. In its motion to dismiss, Defendant argues that Plaintiff fails to meet the first prong of the Dzwonar test. First, as stated earlier, Defendant avers that Plaintiff merely reported a violation of the Employee Handbook which, as a matter of law, is insufficient to support a CEPA claim. Alternatively, Defendant asserts that even if the Plaintiff did object to an illegal activity – specifically a "trespass" or "theft of services - Plaintiff nonetheless lacked an objectively reasonable belief that a "trespass" or "theft of services" took place.

Plaintiff's claim fails since it relies upon violations of the Defendant's Employee Handbook, which does not have the force of law. Plaintiff's assertions are similar to those addressed by the New Jersey Supreme Court in Dzwonar. In Dzwonar, the plaintiff was terminated after she reported that certain union officers were engaged in conduct that violated the union's internal bylaws. Dzwonar, 177 N.J. at 457. Plaintiff there argued that her reasonable belief that the defendant's actions violated the union's bylaws provided an adequate basis for her CEPA claim. The court disagreed with the plaintiff and noted that, "N.J.S.A. 34:19-3c(1)

7

requires that a plaintiff object to or refuse to participate in any activity…the employee reasonably believes 'is in violation of a law or a rule or regulation promulgated pursuant to law.'" Id. at 469.  Moreover, "[b]ecause bylaws [were] not a 'law, rule or regulation' as required by CEPA," but merely a "contract between the union and its members," the court held that the trial court should have precluded that claim.  Id.; see also Competello v. Labruno, No. 02-664, 2005 WL 1637907 at *8 (D.N.J. Jul. 12, 2005) (rejecting claim that violation of police department's internal rules supported a CEPA claim since there was "no evidence that these regulations had the 'force of law'" as required by the statute).

Like the union bylaws in Dzwonar, the Defendant's Employee Handbook is merely a company policy, or at best, a contractual agreement between Smith and TA Operating.  As such, the Handbook's policies do not constitute "law[s], rule[s] or regulation[s]" as required by the language of CEPA.  Dzwonar, 177 N.J. at 457.  CEPA is not intended to cover internal rule violations and therefore, Plaintiff's reliance therein is legally insufficient to support her CEPA claim.  See Competello, 2005 WL 1637907 at *8.

Even if this Court considers that Plaintiff had specifically complained about the illegal activities of "trespassing" or "theft of services," Plaintiff did not plead the requisite objectively reasonable belief that a trespass or a theft of services had occurred. With regards to the "trespass," a reasonable person in Plaintiff's position would have concluded that an off-duty co-worker who was on Defendant's premises, during business hours, merely violated TA Operating's policies and procedures, or that the co-worker was present as a consumer, who was having his or her vehicle serviced.  In that regard, a reasonable person would not have concluded that an off-duty employee's presence on the company's premises constituted illegal activity.  Plaintiff's own allegations support this position.  In the first instance, Plaintiff asserts she

reasonably believed that that the employee's conduct was in violation of the Defendant's Employee Handbook. Plaintiff later alleges in her Complaint, in a conclusory manner, that Defendant violated a "law, rule or regulation" -- without any explanation of any rule beyond the Handbook.

Similarly, a reasonable person would not have concluded that a "theft of services" occurred. As Plaintiff pled in her complaint, she reasonably believed that her co-workers were engaged in "theft of services" because she observed the off-duty truck service advisor "[bringing] his personal vehicle to the [Defendant's] premises for the purpose of filling up with gas and/or having certain repair work performed to his vehicle." Compl. at ¶ 14. However, Plaintiff also acknowledges in her Complaint that Defendant engages in the business of providing fuel and repairs to vehicles. Accordingly, an objectively reasonable person would not have concluded that unlawful conduct was occurring, but rather would have reasonably believed that a lawful servicing of the service advisor's vehicle was taking place.

Plaintiff's reliance upon Estate of Roach is misplaced. Instead, Roach militates against Plaintiff in the instant case. In Roach, the employer was a defense contractor for the United States government and was directed by the United States government to implement a code of conduct. Id. at 602. The plaintiff then brought a CEPA claim against the employer alleging that his co-workers had violated the code of conduct and had engaged in illegal conduct. Id. at 604. In noting the employer's "sensitive position as a federal defense contractor" and the code of conduct's demands of the highest ethical conduct on the part of employees, the New Jersey Supreme Court held that the plaintiff could have reasonably believed that the allegations rose to the level of impropriety required by CEPA. Id. at 613. Nonetheless, the court cautioned:

> Although the term "reasonably believes" in sections 3c.1 and 3c.2 provides ample justification…in the present case, we caution that in future cases that language

9

>may prove fatal to an employee's claim.  For instance, if an employee were to complain about a co-employee who takes an extended lunch break or makes a personal telephone call to a spouse or friend, we would be hard pressed to conclude that the complaining employee could have "reasonably believed" that such minor infractions represented unlawful conduct as contemplated by CEPA. CEPA is intended to protect those employees whose disclosures fall sensibly within the statute; it is not intended to spawn litigation concerning the most trivial or benign employee complaints.

Id. at 613-14.

Unlike the facts in Roach, the defendant here - a company engaged in the business of providing services to truckers such as fuel, repairs and food - does not operate under a "sensitive position" with any governmental agency nor does its Employee Handbook reflect any such position. Rather, Plaintiff's allegations closely resembled those that Roach warned would be "fatal" to an objectively reasonable belief under CEPA.  While the Court is not suggesting that any violations that would constitute unlawful trespass or theft of services are minor, here, complaints about the presence of an off-duty co-worker on company premises and his subsequent use of company services are "infractions" that simply fail to fall "sensibly within the [CEPA] statute," and therefore, Plaintiff's claim, which concerns such trivial and benign complaints, is outside of the scope of CEPA.  Roach, 164 N.J. at 613-14; see also Klein v. Univ. of Med. and Dentistry of New Jersey, 377 N.J. Super. 28, 45 (2005) (noting that CEPA is not intended to assuage egos or settle internal disputes at the workplace).  Additionally, Plaintiff has not plead that the Handbook's regulations were enacted pursuant to any 'law, rule or regulation' as contemplated by CEPA.  Accordingly, Plaintiff's CEPA claim is dismissed.

However, in her Complaint, Plaintiff alleges that her co-worker, the mechanic, assaulted her by throwing his tools at Plaintiff and that the assault was reported to both the New Jersey State Police and to her supervisor Falk.  See Compl. at ¶¶ 18-20.   The assault occurred after Plaintiff had reported to Falk about the alleged violation of the Employee Handbook.  Id.  While

10

Plaintiff did not allege the assault as a basis for her CEPA claim, in her briefing, Plaintiff stresses that this was part of the reason why Defendant retaliated against her. To the extent, the reporting of the assault can provide a proper basis for CEPA, Plaintiff may amend her Complaint to include this claim only. If Plaintiff does not amend the Complaint within 14 days from the date of the Order accompanying this Opinion, the case will be dismissed.


DATE:   August 17, 2010                                         /s/   Freda L. Wolfson
                                                                Freda L. Wolfson
                                                                United States District Judge