\*NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JANESSA SMITH, | : | Civ. Action No. 10-2563 (FLW) |
| Plaintiff, | : | |
|  | : | **OPINION** |
| v. | : | |
| TA OPERATING LLC, | : | |
| Defendant. | : | |

**WOLFSON, United States District Judge**:

On August 17, 2010, this Court dismissed Plaintiff Janessa Smith's ("Plaintiff" or "Smith") New Jersey Conscientious Employee Protection Act ("CEPA") claim based on allegations involving trespass and theft of services pursuant to F.R.C.P 12(b)(6). The Court instructed Plaintiff to amend her Complaint to include only a CEPA claim based upon allegations of reporting an assault consistent with the Court's prior Opinion. Subsequently, Plaintiff amended the Complaint to include not only allegations pertaining to assault, but she amended the previously dismissed allegations regarding trespass and theft of services as well. In the instant matter, Defendant TA Operating, LLC ("Defendant" or "TA Operating") moves to dismiss the portion of the CEPA claim pertaining to those newly asserted allegations involving trespass and theft of services.[1] For the reasons that follow, Defendant's motion is granted.

---

[1] The Amended Complaint only asserts a CEPA claim based upon allegations involving theft of services, trespass and assault. Because Defendant moves to dismiss the portions

I.  BACKGROUND FACTS

The facts of this case were already recounted in this Court's prior Opinion and thus, the Court will refer to them. Smith is a former employee of TA Operating and held the position of truck service advisor. Am. Comp. at ¶¶ 1, 4. On or about August 20, 2009, Plaintiff observed two of Defendant's employees, an off-duty truck service advisor (the "Advisor"), and an on-duty mechanic, on Defendant's premises performing vehicle maintenance and service to the Advisor's vehicle. Id. at ¶ 14-15. Plaintiff reported the alleged incident to a manager Bart Moon, and to her supervisor, Mark Falk. Id. at ¶ 16.

Then, on August 27, 2009, the mechanic, who serviced the off-duty Advisor's vehicle, allegedly confronted Plaintiff after he learned that Plaintiff had reported the incident. Id. at ¶ 20. Plaintiff claims that the Advisor became agitated with her and threw his tools in her direction and called her a "rat." Id. at ¶ 21. Plaintiff reported this incident to the New Jersey State Police, as well as to Falk. Id. at ¶¶ 23-23. Subsequently, Plaintiff was terminated from her position with TA Operating. She brought this action alleging that the termination of her employment by Defendant violated CEPA because it was in retaliation of her reporting the conduct of the mechanic and the off-duty truck service advisor. Id. at ¶¶ 13, 39.

On August 17, 2010, this Court dismissed Plaintiff's original CEPA claim because Plaintiff lacked an objectively reasonable belief that a trespass or theft of service took place as required by statute. Instead, the Court concluded that Plaintiff's claim relied heavily on the violation of Defendant's Employee Handbook, which does not have the

---

of the CEPA claim pertaining to theft of services and trespass, the Court will apply the Rule 12(b)(6) standard as to those portions.

2

force of law. However, this Court granted Plaintiff leave to amend her Complaint to only include a CEPA claim based upon the reporting of the alleged assault.

Plaintiff timely filed an Amended Complaint that included the alleged assault, but she also asserted new allegations pertaining to trespass and theft of services. Specifically, Plaintiff asserts that she reasonably believed that the mechanic and the Advisor engaged in a "trespass" because personal vehicles were not permitted at Defendant's facility. Id. at ¶ 13. Additionally, with respect to "theft of services," Plaintiff alleges that the service being performed to the Advisor's vehicle involved Freon gas, which is a substance that is regulated by law. Id. Plaintiff claims that she did not see any money exchanged or any billing information that would indicate the purchase of Freon gas. Id.

In this matter, Defendant moves to dismiss the portions of the CEPA claim in the Amended Complaint pertaining to "theft of services" and "trespass" on the basis that this Court did not allow Plaintiff to amend her Complaint to include these allegations. To be clear, on this motion, Defendant is not moving to dismiss Plaintiff's CEPA claim relating to the reporting of the assault.

## II.     STANDARD OF REVIEW

The Federal Rules of Civil Procedure provide that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends ... (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed.R.Civ.P. 8(a).  The purpose of a complaint is "to inform the opposing party and the court of the nature of the claims and defenses being asserted by the pleader and, in the case of an affirmative

3

pleading, the relief being demanded." 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1182 (3d ed. 2004).

In reviewing a motion to dismiss for failure to state a claim under 12(b)(6), a Court must take all allegations in the complaint as true, viewed in the light most favorable to the plaintiff "and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (citation and quotations omitted). In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the Supreme Court "retired" the language in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Twombly, 550 U.S. at 561 (quoting Conley, 355 U.S. at 45-46). Rather, the factual allegations in a complaint "must be enough to raise a right to relief above the speculative level." Id. at 555. The Third Circuit summarized the pleading requirement post-Twombly:

> The Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element. This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of 'the necessary element.'

Phillips, 515 F.3d at 234 (quoting Twombly, 550 U.S. at 556).

In affirming that the Twombly standard applies to all motions to dismiss, the Supreme Court recently further clarified the 12(b)(6) standard. "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." Iqbal, 129

4

S.Ct. at 1950.  Accordingly, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth."  Id.  In short, "a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009).

The Third Circuit recently reiterated that "judging the sufficiency of a pleading is a context-dependent exercise" and "[s]ome claims require more factual explication than others to state a plausible claim for relief."  West Penn Allegheny Health System, Inc. v. UPMC, 627 F.3d 85, 98 (3d Cir. 2010).  This means that, "[f]or example, it generally takes fewer factual allegations to state a claim for simple battery than to state a claim for antitrust conspiracy."  Id.  That said, the Rule 8 pleading standard is to be applied "with the same level of rigor in all civil actions."  Id. (quoting Iqbal, 129 S.Ct. at 1953).

### III.   DISCUSSION

Defendant argues that because this Court previously dismissed Plaintiff's CEPA claim pertaining to theft of services and trespass, that ruling became the "law of the case." As a result, Defendant claims, Plaintiff is precluded from amending her Complaint in that context.

The "law of the case" doctrine directs courts to refrain from re-deciding issues that were resolved earlier in the litigation. Pub. Interest Research Group of N.J., Inc. v. Magnesium Elektron Inc., 123 F.3d 111, 116 (3d Cir.1997). The Supreme Court in Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, (1988), determined that when exercising discretion with regard to former rulings courts should "be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was clearly

5

erroneous and would make a manifest injustice." Id. at 816. The Third Circuit has adopted the "extraordinary circumstances" framework for reviewing "law of the case" disputes:

> The "law of the case" doctrine does not apply where (1) new evidence is available; (2) a supervening new law has been announced; or (3) the earlier decision was clearly erroneous and would create a manifest injustice. However, the "law of the case" doctrine applies to a court's decision of law.

In re City of Phila. Litig., 158 F.3d 711, 718 (3d Cir. 1998) (citing Pub. Interest Research Group, 158 F.3d at 116-17). Plaintiff has the burden to present "extraordinary circumstances" necessary to overcome the strong presumption of the law of the case. Falor v G&S Billboard, No. 04-2373, 2008 WL 5190860, at *2 (D.N.J Dec., 10 2008). Here, Plaintiff is not asserting that any supervening new law has been made or that any new evidence is available; rather, it appears Plaintiff claims that the Court's earlier decision would be clearly erroneous if the Court did not consider the newly asserted allegations.

With respect to these new allegations, Plaintiff alleges that servicing personal vehicles was not permitted at Defendant's facility. Plaintiff further alleges that she witnessed her co-workers performing an "evac/recharge" using Freon gas on her co-worker's personal vehicle without any exchange of money or processing of paperwork, and consequently, the co-workers engaged in theft of services and trespass. When considering these allegations, the Court's analysis in the initial Opinion still applies with equal force because it is unreasonable to conclude that Plaintiff had the requisite objective knowledge that any illegal activities -- theft of services and/or trespass -- have occurred. Indeed, to establish a prima facie case under CEPA, a plaintiff must

demonstrate that: 1) she objected to, or refused to participate in an activity, policy or practice which she <u>reasonably believed</u> violated either a law, rule, regulation, was fraudulent or criminal or violated a public policy; 2) she performed a "whistle blowing" activity as described in N.J.S.A. 34:19-3(c); 3) an adverse employment action was taken against her; and 4) a causal connection existed between her whistle-blowing activity and the adverse employment action. <u>Dzwonar v. McDevitt</u>, 177 N.J. 451, 461-62 (2003); <u>see also</u> <u>Wheeler v. Twp. of Edison</u>, 326 Fed. Appx. 118, 123 (3d Cir. 2009).

In considering whether Plaintiff had the requisite objective belief that her co-workers engaged in theft of services and trespass, this Court previously explained:

> Even if this Court considers that Plaintiff had specifically complained about the illegal activities of "trespassing" or "theft of services," Plaintiff did not plead the requisite objectively reasonable belief that a trespass or a theft of services had occurred. With regards to the "trespass," a reasonable person in Plaintiff's position would have concluded that an off-duty co-worker who was on Defendant's premises, during business hours, merely violated TA Operating's policies and procedures, or that the co-worker was present as a customer, who was having his or her vehicle serviced. In that regard, a reasonable person would not have concluded that an off-duty employee's presence on the company's premises constituted illegal activity . . . .
>
> Similarly, a reasonable person would not have concluded that a "theft of services" occurred. As Plaintiff pled in her complaint, she reasonably believed that her co-workers were engaged in "theft of services" because she observed the off-duty truck service advisor "[bringing] his personal vehicle to the [Defendant's] premises for the purpose of filling up with gas and/or having certain repair work performed on his vehicle." <u>Compl.</u> at ¶ 14. However, Plaintiff also acknowledges in her Complaint that Defendant engages in the business of providing fuel and repairs to vehicles. Accordingly, an objectively reasonable person would not have concluded that unlawful conduct was occurring, but rather would have reasonably believed that a lawful servicing of the service advisor's vehicle was taking place.

<u>Smith v. T.A. Operating LLC</u>, No. 10-2563, 2010 U.S. Dist. LEXIS 84246, at *12-14 (D.N.J. Aug., 17 2010).

7

Indeed, the important fact here is that Plaintiff herself acknowledges that Defendant is in the business of servicing and maintaining vehicles, including recharging vehicles using Freon gas. While Plaintiff asserts that she believed at that time the activities were illegal, her subjective belief is not the focus. Instead, the focus is on whether Plaintiff had a <u>reasonable</u> <u>objective</u> belief that her co-workers engaged in any illegal activities. <u>Dzwonar</u>, 177 N.J. at 464 ("a plaintiff must set forth facts that would support an objectively reasonable belief that a violation has occurred"). Under the circumstances as alleged, it is unreasonable to conclude that Plaintiff had the requisite objective knowledge that her <u>co-workers</u> had engaged in theft of services and trespass. In that connection, simply because Plaintiff did not witness the payment being exchanged does not indicate that an unlawful servicing of the vehicle took place. Moreover, Plaintiff's assertion that Freon gas is regulated by law is irrelevant to this inquiry. Based on these allegations, the Court finds that Plaintiff cannot show that she is entitled to relief.

Accordingly, Plaintiff has not rebutted the presumption of the "law of the case," and therefore, Defendant's motion is granted.

Dated: March 29, 2011                                        /s/      Freda L. Wolfson
                                                             Freda L. Wolfson, U.S.D.J.