*NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| | : | |
| JANESSA SMITH, | : | Civil Action No. 10-2563 (FLW) |
| Plaintiff, | : | |
| | : | **OPINION** |
| | : | |
| v. | : | |
| | : | |
| TA OPERATING LLC, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**WOLFSON, United States District Judge:**

Presently before the Court is a motion for summary judgment filed by Defendant TA Operating, LLC ("Defendant" or "TA Operating"). Plaintiff Janessa Smith ("Plaintiff" or "Smith") brought this action seven and a half months after being terminated by her employer TA Operating, alleging violations of the New Jersey Conscientious Employee Protection Act ("CEPA"). Defendant contends that Plaintiff's CEPA claim is time barred based upon a contractual statute of limitations contained in Plaintiff's employment application, which required Plaintiff to bring all claims arising out of her employment no later than six months after the cause of action arose. At issue here is whether Plaintiff knowingly and voluntarily waived her rights under CEPA. Because the Court finds that the waiver contained in the employment application is ambiguous, and thus not enforceable in the context of this case, Defendant's motion is **DENIED**.

I.       **BACKGROUND FACTS**

The facts of this case were already recounted in this Court's prior opinions, and thus, the Court will refer to them.  On October 17, 2008, Plaintiff filled out an employment application (the "Application") for a position with TA Operating.  See Application dated Oct. 17, 2008. Included in the Application was a provision which stated:

> READ CAREFULLY BEFORE SIGNING-I agree that any claim or lawsuit relating to my service with TA or any of its subsidiaries must be filed no more than six (6) months after the date of the employment action that is the subject of the claim or lawsuit. I waive any statute of limitation to the contrary. I have read and understand the contents of this employee application and am fully able and competent to complete it.

Id. at p. 2. Plaintiff signed the Application and dated it October 17, 2008.  Id.

In November 2008, Smith was hired by Defendant as a truck service advisor. Am. Compl. at ¶ 4. On or about August 20, 2009, Plaintiff allegedly observed two of her co-workers, an off-duty truck service advisor (the "Advisor") and an off-duty mechanic, performing work on the Advisor's vehicle while on Defendant's property, which was purportedly against company policy. Id. at ¶¶ 14-15.  Plaintiff reported the alleged incident to a TA Operating manger, Bart Moon, and to her supervisor, Mark Falk. Id. at ¶ 16. Plaintiff alleges that on August 27, 2009, the Advisor was upset with Plaintiff for reporting the alleged incident and retaliated by throwing tools in Plaintiff's direction and calling her a rat. Id. ¶¶ 20-21. Subsequently, Plaintiff reported this incident to the New Jersey State Police, as well as to Falk.  Id. ¶¶ 22-23. On August 28, 2009, Plaintiff was terminated from her position with TA Operating. Id. at ¶¶ 26-30.

According to Plaintiff, she filed a charge of discrimination against her employer with the Equal Employment Opportunity Commission ("EEOC") on or around October 20, 2009.  The EEOC subsequently denied the claim.  See EEOC Letter of Dismissal and Notice of Rights dated Feb. 24, 2010.  On April 14, 2010, Plaintiff filed this CEPA action, alleging that TA Operating

fired her in retaliation for reporting her co-workers' illegal conduct.  On August 17, 2010, the Court dismissed Plaintiff's original complaint without prejudice for failure to state a claim. Plaintiff then filed an Amended Complaint on August 26, 2010.  On March 29, 2011, the Court dismissed a portion of her CEPA claim. Defendant then filed the instant motion, claiming that Plaintiff's suit is time barred based on the six-month contractual statute of limitations contained in the Application.

II.      **STANDARD OF REVIEW**

A court may grant summary judgment only when the materials of record "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). In deciding whether there is a disputed issue of material fact the court must view the evidence in favor of the non-moving party by extending any reasonable favorable inference to that party. See Aman v. Cort Furniture Rental Corp., 85 F.3d 1074, 1080-81 (3d Cir.1996); Kowalski v. L & F Prods., 82 F.3d 1283, 1288 (3d Cir.1996); Meyer v. Riegel Prods. Corp., 720 F.2d 303, 307 n. 2 (3d Cir.1983), cert. denied, 465 U.S. 1091, 1094 (1984). The threshold inquiry is whether there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250, (1986).

Supreme Court decisions mandate that: "[w]hen the nonmoving party bears the burden of persuasion at trial, the moving party may meet its burden on summary judgment by showing that the nonmoving party's evidence is insufficient to carry its burden of persuasion at trial." Brewer v. Quaker State Oil Ref.Corp., 72 F.3d 326, 329-330 (3d Cir.1995) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1987)). However, "the nonmoving party creates a genuine issue of material fact if it provides sufficient evidence to allow a reasonable jury to find for him at trial." Brewer,

3

72 F.3d at 330 (citing <u>Anderson</u>, 477 U.S. at 248). Once the moving party has carried its burden of establishing the absence of a genuine issue of material fact, "its opponent must do more than simply show that there is some metaphysical doubt as to material facts." <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986). Thus, if the non-movant's evidence is merely "colorable" or is "not significantly probative," the court may grant summary judgment. <u>Anderson</u>, 477 U.S. at 249-50.

## III.   DISCUSSION

Plaintiff presents a myriad of theories as to why the Application is invalid. As a preliminary matter, Plaintiff contends that in September and November 2008 she signed additional employment applications for her position with TA Operating, and those applications "may contain conflicting provisions and/or may supersede the October 17, 2008 document." Pl.'s Br. Opp'n Mot. Dismiss at 4. However, on this motion, Plaintiff has not presented copies of these additional applications which she allegedly signed.  In fact, Defendant maintains that no such applications were signed by Plaintiff.  <u>See</u> Sebera Cert. at ¶ 3.  Indeed, Plaintiff's assertion of the existence of these applications is based merely upon her "recollection." This is insufficient to raise a material issue of fact.  Notwithstanding Plaintiff's lack of support on this issue, even if Plaintiff had signed additional applications in September and November 2008, she has not adequately refuted the fact that since October 2007, every employment application filled out by an applicant for employment with TA Operating contained the same six month contractual statute of limitations provision.  <u>See</u> <u>Id.</u>  Therefore, there is no material issue of fact as to whether Plaintiff signed a document containing such a provision.

Next, Plaintiff argues that the six-month statute of limitations contained in the Application violates public policy since it limits the time that parties may bring their CEPA

claims.  For support, Plaintiff relies on <u>Keelan v. Bell Commc'n Research</u>, 289 N.J. Super. 531 (App. Div. 1996). In <u>Keenlan</u>, the issue was whether CEPA's one year statute of limitations began to accrue when an employee was notified that he was being terminated, or when he was actually terminated.  <u>Id.</u> at 540.  The relevant portion of the statute states, "[u]pon a violation of any of the provisions of this act, an aggrieved employee or former employee may, within one year, institute a civil action in a court of competent jurisdiction."  N.J.S.A. 34:19-5.   In interpreting this provision, the court cautioned that one must "take care not to read CEPA in a way that would undermine its expressed goals." <u>Keenlan</u>, 289 N.J. Super at 540.   In that regard, "[c]ommencing the statute of limitations at an earlier date contravenes the concept that CEPA is remedial legislation that should be liberally construed." <u>Id.</u>  Indeed, "CEPA was enacted in 1986 to protect from retaliatory action employees who 'blow the whistle' on organizations engaged in illegal or harmful activity." <u>Young v. Schering Corp.</u>, 141 N.J. 16, 23 (1995).

The holding of <u>Keenlan</u> does not support Plaintiff's position.  The genesis of the <u>Keenlan</u> decision relates to how CEPA should be interpreted.  To that end, <u>Keenlan</u> advises courts to construe the statute broadly to effectuate the goals of CEPA.  However, here, there is no issue as to how the statute should be interpreted since CEPA's one-year statute of limitations is explicit.  Rather, the question before this Court is whether parties may contractually shorten CEPA's statute of limitations.  The Court will turn to that issue.

By way of background, it is well settled that parties may contractually limit the time for bringing claims, despite a statute of limitations to the contrary.  In <u>Order of United Comm. Travelers of America v. Wolfe</u>, 331 U.S. 586, 608 (1947), the Supreme Court held that "it is well established that, in the absence of a controlling statute to the contrary, a provision in a contract may validly limit, between the parties, the time for bringing an action on such contract to a

period less than that prescribed in the general statute of limitations, provided that the shorter period itself shall be a reasonable period." New Jersey courts are in accord. In Eagle Fire Prot. Corp. v. First Indem. of Am. Ins. Co., 145 N.J. 345, 354 (1996), the New Jersey Supreme Court held that a one year statute of limitations included in a surety bond, which limited the New Jersey's six-year statute of limitations for bringing contract claims, was valid. The Court stated that "[c]ontract provisions limiting the time parties may bring suit have been held to be enforceable, if reasonable." Eagle Fire Prot. Corp., 145 N.J. at 354; see A.J. Tenwood Assoc. v. Orange Senior Citizens Hous. Co., 200 N.J. Super. 515, 523 (App. Div. 1985), cert. denied, 101 N.J. 325 (1985) (the court held that a plaintiff, who had entered into a construction contract requiring all claims to be brought within one year, was time barred from bringing a claim. The court noted that "[a]lthough the statutory limitation in this State for actions in contract is six years, N.J.S.A. 2A:14-1, such a limitation may be waived by express agreement of the parties."); see also Weinroth v. New Jersey Mfrs. Ass'n Fire Ins. Co., 117 N.J.L. 436, 438 (E. & A. 1936); Ribeira & Lourenco Concrete Const., Inc. v. Jackson Health, 231 N.J. Super. 16, 22-23 (App. Div. 1989); Staehle v. American Employers' Ins. Co., 103 N.J. Super. 152, 154 (App. Div. 1968).

Here, Plaintiff contends that the aforementioned decisions deal only with shortening "general" statutes of limitations, e.g., six years of statute of limitations for contract claims. She posits that CEPA contains an explicit one-year statute of limitations which reflects the legislature's intent to disallow shortening the amount of time in which claims may be brought. For this proposition, Plaintiff primarily relies on Plitsas v. Fed. Express, Inc., No. 07-5439, 2010 WL 1644056 (D.N.J. Apr. 22, 2010). Plistas involved an employee who brought a claim against an employer pursuant to the Family and Medical Leave Act ("FMLA"). Id. at *2. Although FMLA has an explicit two-year statute of limitations, the employee signed an agreement which required

all claims against her employer to be brought within six months. Id. at *6. The court found that the regulations promulgated under FMLA expressly bar employers from shortening the statute of limitations. Id. Indeed, the regulations prohibit employers "from interfering with, restraining, or denying the exercise of (or attempts to exercise) any rights provided by the Act." Id. (quoting 29 C.F.R. § 825.220). As a result of the regulation, the court struck down the six- month provision reasoning that "[a] limitation on the time in which a plaintiff may recover is a restraint upon access to rights under the FMLA." Id. (emphasis added). Clearly, the import of Plitsas has no application in this case because there is no explicit regulation or statutory language in CEPA that would prohibit an employer from limiting CEPA's statute of limitations. While Plaintiff refers to regulations promulgated under CEPA that tend to reflect legislative intent in strengthening the remedial purpose of the statute, Plaintiff does not point to any language in those regulations that expressly prohibits, or can be construed as prohibiting, shortening CEPA's statute of limitations.

Similar to Plistas' approach, when allowing parties to contractually limit statute of limitations, New Jersey courts focus on whether the particular statute "specifically bars parties from contracting to a shorter time period." Mirra v. Holland America Line, 331 N.J. Super. 86, 90 (App. Div. 2000); Trinity Church v. Lawson-Bell, 394 N.J. Super. 159, 170 (App. Div. 2007). In Mirra, the appellate court rejected the plaintiff's argument that parties could not contract for a limited filing period because New Jersey's Consumer Fraud Act bars the contractual time limitation. The court rationalized that neither the Consumer Fraud Act nor New Jersey's general statute of limitations restricts parties' ability to shorten the period in which claims could be filed. Id. at 90-91. In so holding, the court found that so long as the contract provision limiting the time parties may bring a suit is reasonable and the statute does not explicitly prohibit otherwise, the contract provision is enforceable. Id.; see, e.g., Pyo v. Wicked Fashions, Inc., No. 09-2422,

2010 WL 1380982 (D.N.J. Mar. 31, 2010) (finding that an arbitration agreement that reduced the time for bringing New Jersey Law Against Discrimination claims from two years to one year was enforceable).  Even more specifically, in the CEPA context, a court in this district has found that limiting CEPA's one-year statute of limitations to thirty days does not violate public policy. See <u>Rubano v. Jersey City Municipal Utilites Authority</u>,  No. 06- 3058, 2008 U.S. Dist. LEXIS 17719 (D.N.J. Feb 28, 2008)(finding that an employee's CEPA claim was time barred based on an employment contract that required all claims be arbitrated <u>within 30 days</u> of the cause of action.).  Based upon the foregoing, the Court rejects Plaintiff's argument that private parties may not contractually limit CEPA's one-year statute of limitations.

Nevertheless, Plaintiff argues that even if the contractual provision is enforceable, the period of six months is unreasonable. See <u>Wolfe</u>, 331 U.S. at 608 ('a provision in a contract may validly limit . . .  the time for bringing an action . . . provided that the shorter period itself shall be a reasonable period.').  Plaintiff does little to support its argument; instead of presenting any factual or legal basis as to why six months is an unreasonable period, Plaintiff relies on her arguments regarding the unconscionability of the Application, which the Court will address <u>infra</u>. Absent any countervailing reasons, the Court joins with other courts which have found that reducing a statute of limitations to six months is generally reasonable.  See <u>Rubano</u>, 2008 U.S. Dist. LEXIS 17719 at *14-15 (the court upheld an employment contract that limited the time for bringing CEPA claims to 30 days); <u>Aull v. McKeon-Grano Assoc.</u>, No. 06-2752, 2007 WL 655484 (D.N.J. Feb. 26, 2007) (finding six-month contractual limitations provision enforceable to bar employee's Uniformed Services Employment and Reemployment Rights Act claim as untimely); <u>Cole v. Fed. Express Corp.</u>, No. 06-3485, 2008 WL 4307090 (E.D. Pa. Sept. 19, 2008) ('most courts to address the issue have found that a six-month contractual limitations

period in an employment agreement is indeed reasonable and bars an employee's state law claims against his/her employer."); Soltani v. Western & S. Life Ins. Co., 258 F.3d 1038, 1044 (9th Cir. 2001) (finding six-month contractual limitations provision enforceable to bar employee's wrongful termination claim as untimely); Myers v. Western-S. Life Ins. Co., 849 F.2d 259 (6th Cir. 1988) (upholding six-month contractual limitations period and finding that it barred state law employment claims); Johnson v. DaimlerChrysler Corp., No. 02-69, 2003 WL 1089394 (D. Del. 2003) (finding six-month contractual limitations period to be reasonable and to bar state common law claims).

Plaintiff also argues that the Application was unconscionable.  Under New Jersey law, a contract is considered to be unconscionable if enforcement of its terms is manifestly unfair. Howard v. Diolosa, 241 N.J.Super. 222, 230 (App. Div. 1990). A party raising a claim of unconscionability has the burden of showing "some over-reaching or imposition resulting from a bargaining disparity between the parties, or such patent unfairness in the terms of the contract that no reasonable man not acting under compulsion or out of necessity would accept them." Rotwein v. Gen. Accident Group, 103 N.J. Super. 406, 418 (Law Div. 1968).  In the waiver context, the New Jersey Supreme Court has stressed that when a party relinquishes his/her statutory rights, the wavier "must be clearly and unmistakably established, and contractual language alleged to constitute a waiver will not be read expansively." Red Bank Reg'l Educ. Ass'n v. Red Bank Reg'l High Sch. Bd. of Educ., 78 N.J. 122, 140 (1978); Garfunkel v. Morristown Obstetrics & Gynecology Associates, P.A., 168 N.J. 124, 132 (2001).  In the same vein, a "court may not rewrite a contract to broaden the scope of arbitration[.]" Yale Materials Handling Corp. v. White Sto-rage & Retrieval Sys., Inc., 240 N.J. Super. 370, 374 (App. Div. 1990).

Here, Plaintiff asserts that the Application was procedurally unconscionable because she did not knowingly and voluntarily agree to waive her rights under CEPA.  The provision states that "any claim or lawsuit relating to my service. . . must be filed no more than six (6) months after the date of employment action that is subject to the claim or lawsuit."  Based on that broad language, Plaintiff reasons that the provision did not expressly indicate that she agreed to bring CEPA claims within six months of termination.[1]  The issue here is whether the language of the provision constitutes a valid waiver of Plaintiff's statutory rights under CEPA.  The Court answers in the negative.

The New Jersey Supreme Court's decision in <u>Garfunkel</u> guides this Court.  In that case, an employee brought a NJLAD claim against his employer.  <u>Garfunkel</u>, 168 N.J. at 127.  The employer contended that the court should dismiss the case since the employee signed an agreement which stipulated that all claims against the employer would be subject to arbitration.  <u>Id</u>.  Similar to the subject provision in this case, the waiver there provided that "any controversy or claim arising out of, or relating to, this Agreement or the breach thereof, shall be settled by arbitration."  <u>Id.</u> at 128.  The Court held that the "language suggests that the parties intended to arbitrate <u>only</u> those disputes involving a contract term, a condition of employment, or some other element of the contract itself."  <u>Id.</u> at 134 (emphasis added).  The Court reasoned that such broad and ambiguous language does not mention, either expressly or by general reference, statutory claims redressable by the LAD.  <u>Id.</u> at 135.

---

[1]     Plaintiff also contends that she did not voluntarily waive her rights because at the time she signed the Application, she was tired, she did not have an expectation that a low level job would contain a waiver, she never received a copy of the Application and the subject provision was placed at the bottom of the document in fine print.  In addition, Plaintiff contends that the Application was an adhesion contract.  Because the Court finds that Plaintiff did not voluntarily waive her rights under CEPA on other grounds, <u>see</u> <u>infra</u>, the Court need not address these issues.

To demonstrate New Jersey's approach in this regard, the <u>Garfunkel</u> Court outlined two other appellate decisions in accord, both of which are helpful to this case: <u>Quigley v. KPMG Peat Marwick, LLP</u>, 330 N.J. Super. 252 (App. Div. 2000) and <u>Alamo Rent A Car, Inc.  v. Galarza</u>, 306 N.J. Super. 384, 389 (App. Div. 1997).   In <u>Quigley</u>, the court upheld the right of an employee to pursue the LAD's statutory remedies, notwithstanding that the employee had agreed to an arbitration clause which provided that "[a]ny claims or controversy between the parties arising out of or relating to this Agreement or the breach thereof, or in any way related to the terms and conditions of employment . . . shall be settled by arbitration[.]"  <u>Quigley</u>, 330 N.J. Super. at 257.   In concluding that the provision was ambiguous, the court explained that the clause did not refer specifically to disputes arising from termination or to claims redressable by the LAD or similar statutes.  <u>Id.</u> at 272.   Importantly, the court cautioned that "[i]f defendant wanted to enter into an agreement to bind plaintiff to arbitration under all circumstances, it should have written an inclusive arbitration clause."  <u>Id.</u> at 273.   Considering a similarly worded clause, the appellate court reached the same result in <u>Alamo</u>.   <u>See</u> <u>Alamo</u>, 306 N.J. Super at 394-95 (the clause "does not approach . . . the kind of language which we view as more fully ensuring that a waiver of statutory remedies is indeed knowing and voluntary[y].").

Here, like the provision in <u>Garfunkel</u>, the language of this clause is too ambiguous to establish that Plaintiff clearly and unmistakably waived her right to bring a CEPA claim against Defendant within one year.  In order for the waiver to be effective, there must be "some concrete manifestation of [Plaintiff's] intent as reflected in the text of the agreement," and thus, the language of the clause should have included, "either expressly or by general reference, statutory claims redressable by [CEPA]."  <u>Garfunkel</u>, 168 N.J. at 134.   While the Court agrees with Defendant's position that there is no requirement that CEPA must be specifically mentioned in

the provision in order for the waiver to be effective, to pass muster, however, "a waiver-of-rights provision should at least provide that the employee agrees" to waive statutory rights "arising out of the employment relationship or its termination. It should also reflect the employee's general understanding of the type of claims included in the waiver, e.g., workplace discrimination claims." [2] Id. at 135.   Without this type of language, this Court cannot presume that Plaintiff intended to waive those rights -- such as the one-year statute of limitations -- provided by CEPA. See Leodori v. Cigna Corp., 175 N.J. 293, 301 (2003) (in New Jersey, "a waiver-of-rights provision must reflect that an employee has agreed clearly and unambiguously to [waive] the disputed claim"). [3]

---

[2]        While Garfunkle's decision regarding waiver was made in the context of arbitration, the Court does not differentiate between waiving the right to trial with waiving certain rights pursuant to a statute of limitations; indeed, the focus is whether the waiver contains language such that a person would appreciate that he/she is unequivocally waiving a statutory right.  Here, since CEPA's statute of limitations is a statutory right, the provision in the Application must be sufficiently inclusive so that Plaintiff would understand that she is foregoing her rights established under CEPA. For example, in Pyo, an arbitration provision provided that the plaintiff agreed to arbitrate "any all claims, demands or actions of any kind involving you and [defendant] including those related to employment, employment discrimination, compensation or benefits, and including any . . . claim under any federal, state or local statute . . . such as Title VII of the Civil Rights Act of 1964, . . . the Fair Labor Standards Act . . . and any similar Federal, State or Local Statute." Pyo, 2010 WL 1380982, at *2 (emphasis added).  That court, construing such an inclusive waiver, found that the plaintiff understood that he agreed to arbitrate his claims pursuant to NJLAD and Title VII.  Similarly, in Rubano, a contractual provision limiting the statute of limitation under CEPA provided that the clause "applies to potential claims, demands, or actions under . . . [CEPA], and any other federal, state, or local statute, regulation or common law doctrine . . . ." Rubano, 2008 U.S. Dist. LEXIS 17719, at *10.  Based on such language, the court found that the provision was not unconscionable.

[3]        Finally, cases relied upon by Defendant have no relevance in this context.  See, e.g., Isetts v. Borough of Roseland, 364 N.J. Super 246 (App. Div. 2003) ("the word 'rights' in the employee's release [did not] include[] the waiver of the right to seek discovery of events preceding the settlement"); Am. Lumber Corp. v. Nat'l R.R. Passenger Corp., 886 F.2d 50, 55 (3d Cir. 1989)(interpreting terms of a release).   Instead, under the guidance of Garfunkel and its progeny, because the provision in this case involves a waiver of Plaintiff statutory rights, such waiver must be knowing and voluntary. In that respect, the language of the provision must be inclusive and cannot be overly broad.

Accordingly, since the provision in the Application is ambiguous, the Court finds that Plaintiff did not knowingly waive her statutory right of bringing a CEPA claim against Defendant within one year; indeed, Plaintiff's claim was brought within CEPA's statute of limitations.  Hence, Defendant's motion for summary judgment is **DENIED.**


Dated: August 19, 2011                                          /s/ Freda L. Wolfson
                                                                Freda L. Wolfson, U.S.D.J.